IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| V. | CAUSE NO. 3:20-CR-128-CWR-LGI-2 |
| AARON MATTHEW RENTFROW | DEFENDANT |

### ORDER

Before the Court is Aaron Matthew Rentfrow's motion *in limine* to exclude the audio-recorded interviews of his co-defendants. Docket No. 93. The Government timely responded to the motion. Docket No. 96. Because the Government does not oppose the requested relief—barring admission of the recordings—the motion is granted.

**I.      Discussion**

In 2020, a federal grand jury returned a three-count indictment against Aaron Matthew Rentfrow and four co-defendants. Rentfrow was charged with counts one and two: (1) aiding and abetting others for the purpose of gaining entrance to and maintaining position in the Aryan Circle ("AC"), an enterprise engaged in racketeering activity, and assaulting an individual with a dangerous weapon which resulted in serious bodily injury; and (2) again, aiding and abetting as part of the AC, an enterprise engaged in racketeering activity, but this time for attempted murder of the same individual as count one.

As part of discovery, the United States provided four audio-recorded interviews to Rentfrow. The interviews were with two of Rentfrow's co-defendants, Jonathan Reynolds and Daniel Wade Holler. According to Rentfrow, in the interviews his co-defendants go into detailed accounts of the assault, including Rentfrow's alleged organization, participation, and reward from the AC. Docket No. 93 at 3-4. If Rentfrow does not have the opportunity to cross examine

Reynolds and Holler, he claims that admission of the statements at trial would violate his Sixth Amendment right to confront his accuser. *Id.* at 5-6. Moreover, Rentfrow claims, the interviews contain inadmissible hearsay. *Id.* at 7-8.

First, Reynolds has since pled guilty. *See* Docket No. 98. Therefore, the parties agree that the Government cannot use any recordings from him. Docket No. 93 at 2; Docket No. 96, n.1-2. As to Holler's interviews, the Government argues that it redacted the statements to comply with relevant case law guidance, *Bruton v. United States*, 391 U.S. 123 (1968) and its progeny, and that the statements are admissible under hearsay exception Fed. R. Evid. 801(d)(2)(A). Docket No. 96 at 3-4. But ultimately, the Government has elected to utilize the testimony of the interviewing agent, rather than the audio-recordings. *Id.* at 4. It asks only that defense counsel be prohibited from asking about the existence of a recording during cross-examination, as the question may imply that the Government is concealing evidence. *Id.* The Court agrees that questions about the existence of the recording should be prohibited.[1]

Since the Government has conceded that it will not introduce the recordings at trial, the unopposed motion is GRANTED.

**II.  Conclusion**

Rentfrow's motion is GRANTED.

**SO ORDERED**, this the 11th day of February, 2022.

s/ Carlton W. Reeves<br>UNITED STATES DISTRICT JUDGE

---

[1] As this is before the Court on a motion *in limine*, circumstances may arise where the admission of the statement may be appropriate.