IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

V.                                                                        CAUSE NO. 3:20-CR-128-CWR-LGI

AARON RENTFROW, et al.                                                                    DEFENDANTS

**ORDER**

Before the Court is defendant Aaron Rentfrow's Motion for Immediate Access to Jencks and Giglio Material. Docket No. 143. The Government timely responded. Docket No. 148. The matter is fully briefed and ready for adjudication.

**I.      Factual and Procedural History**

On September 22, 2020, a federal grand jury returned a three-count indictment against five defendants: Rentfrow, William Glenn Chunn, Johnathon Aaron Reynolds, Daniel Wade Holler, and Jeremy Chad Dennis. The charges fall under the Racketeer Influenced and Corrupt Organizations Act as defendants are charged with being members of the Aryan Circle ("AC"). Defendants were charged with (1) assaulting an individual with a dangerous weapon that resulted in serious bodily injury and (2) attempted murder for the purpose of gaining entrance to and maintaining position in the AC; and (3) knowing that an offense against the United States had been committed (*i.e.*, counts one and/or two), yet assisting the offenders in order to hinder and prevent their apprehension, trial, and punishment.

After each defendant's initial appearance, U.S. Magistrate Judges Keith Ball and LaKeysha Greer Isaac issued standard discovery orders. Docket Nos. 22, 28, and 78. On February 11, 2021, the government filed a motion for a supplemental protective order based on the acts alleged in the

indictment and the violent history of the AC. Docket No. 54. On March 4, 2021, Judge Isaac granted in part and denied in part the government's motion for a protective order. Docket No. 61.

On August 17, 2021, in response to the COVID-19 pandemic and its hindrance on the defense attorneys' ability to meet with their clients, this Court issued another discovery order. Docket No. 89. It granted the defendants access to their discovery while at their respective detention facilities. *Id.* Pursuant to this discovery order, the Government delivered to the Madison County Detention Center password protected flash drives for each respective defendant containing the discovery which had been provided to their counsel. This Court, however, upon the Government's motion, clarified that defendants' review of Giglio and Jencks material must be in the presence of their counsel. Docket No. 132. Before the Court today is what is essentially a motion to reconsider this requirement and allow Rentfrow to review these materials without counsel's supervision.

## II.    Legal Standard

The Jencks Act, 18 U.S.C § 3500, requires prosecutors to produce to the defendant any statement made by a Government witness. *Id.* § 3500(a). The Government, however, need not produce these materials until after the witness has testified on direct examination. *Id.* § 3500(b). Additionally, paragraph 3(a) of the standard discovery order issued in this case states,

> All statements of witnesses exchanged under this order between the various parties hereto, both the United States Attorney and defendant, are to be held and used by the attorneys solely for the purposes of cross-examination of the various witnesses, as contemplated by Rule 26.2, Fed. R. Crim. P. and Section 3500(b) and (c), Title 18, United States Code, and such statements are not to be shown to any person, including the witnesses (except during cross examination), except the defendant or United States Attorney's representative, nor copied or reproduced in any manner, and upon completion of cross-examination of the particular witness, his/her statement is to be returned forthwith to the providing counsel.

Docket No. 78.

Under *Giglio v. United States*, the government is required to produce evidence affecting the credibility of prosecution witnesses. 405 U.S. 150, 153-55 (1972). This includes impeachment evidence, such as prior bad acts. *See* Fed. R. Evid. 608. Federal Rule of Evidence 611(a), however, authorizes courts to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment."

### III.     Discussion

As discussed at length in the Court's earlier Order, the Court must balance defendant's Sixth Amendment right to prepare a defense against legitimate safety concerns. *See, e.g., United States v. Rivera*, 153 F. App'x 758 (2d Cir. 2005) (limiting defendant's access to materials to when in the presence of counsel); *see also, e.g.*, *United States v. Yassine* 574 F. App'x 455, 461 (5th Cir. 2014) (holding that "[t]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect").

Yet, counsel for Rentfrow argues that "it is impossible" to review the voluminous Jencks and Giglio material in this case during jail visits; the Government's safety concerns "do not hold water" because "most of these witnesses have statements already disclosed in the Rule 16 discovery, and many have testified against co-defendant Chunn in a public trial."; and that the Government has "yet to provide this Court of any instance where Mr. Rentfrow has engaged in witness tampering, witness intimidation, or even any improper witness contact." Docket Nos. 143 and 152.

None of defense counsel's arguments overcome the serious security concerns at issue in this case. First, as stated above, the Government is not required to produce Jencks material until

its witness has testified on direct examination. 18 U.S.C § 3500(b); *see also, United States v. Campagnuolo*, 592 F.2d 852, 858 (5th Cir. 1979). Nonetheless, "appreciating the complexity of this case," the Government agreed to disclose Jencks and Giglio materials 20 days before trial. Docket No. 125; *see also* Docket No. 84. The Court also understands that the Government has not opposed early disclosure of the material if counsel is present during the defendants' review. Counsel for defendants have had this material since December 14, 2021, and the trial is scheduled for May 16, 2022. Thus, defense counsel will have had these materials for five months— far beyond what is required by law. Accordingly, the Government has already exceeded its legal obligations, and the Court does not agree that the defense is entitled to more.

Second, the Government contends that the AC, "as disclosed in the Jencks material" by "multiple witnesses" examines discovery materials, reviews PACER, and even requires persons to produce Pre-Sentence Investigation Reports and other documentation, "to decipher who is cooperating with the government." Docket No. 148. Indeed, these alleged practices were the impetus for the Protective Order, wherein Judge Isaac ordered that "[a]ll of the discovery and Jencks materials provided by the United States to the defendants . . . shall not be provided to defendant as originals or duplicated." Docket No. 61. This Court then ordered the same in regard to Giglio material during its March 31, 2022 Hearing. Notably, the motion for a protective order as to Giglio material was granted as confessed. *See* March 31, 2022 Minute Entry.

The fact that Rentfrow has not been accused of witness intimidation, and that some of the material may be available publicly, does not reduce the Court's concern for witness intimidation and/or retaliation. In another AC prosecution involving Rentfrow's co-counsel Chunn, a cooperating defendant was contacted by Chunn, despite the cooperating defendant having no contact with Chunn for years prior. *See United States v. William Chunn, et al.*, No. 1:20-CR-83-

4

TH (E.D. Tex.). "This contact was made within days of the cooperating defendant signing a plea agreement and the public filing of his/her factual basis implicating defendant Chunn." Docket No. 125 at 5. In that Texas case, Chunn was convicted by a jury of Conspiracy to Conduct or Participate in the Affairs of an Enterprise through Racketeering Activity, in violation of 18 U.S.C. § 1962(d), in which witness intimidation was the racketeering activity. *Id.*

There are serious security concerns with permitting defendants, alleged members of the AC charged with violent crimes, to have unfettered access to these materials. The Court finds that the restrictions imposed on defendants' access are necessary in light of the serious safety concerns and the nature of the crimes charged.

## IV. Conclusion

The motion is DENIED.

**SO ORDERED**, this the 9th day of May, 2022.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE